Wayne ARNOLD, Petitioner–Appellant,

v.

David RUNNELS, Warden,
Respondent–Appellee.

No. 05–15914.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 17, 2006.

Filed June 7, 2006.

Wayne Arnold, Susanville, CA, pro se.

J. Bradley O'Connell, Esq., San Francisco, CA, for Petitioner–Appellant.

Gerald A. Engler, AGCA—Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before: RYMER and WARDLAW, Circuit Judges, and ALSUP, District Judge.*

MEMORANDUM **

Wayne Arnold appeals the district court's denial of his petition for habeas corpus relief, contending that his convictions for felony-murder and robbery should be overturned because of defective jury instructions. We have jurisdiction pursuant to 28 U.S.C. § 2253, and affirm.

---

\* The Honorable William Alsup, United States District Judge for the Northern District of California, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Arnold's petition and appeal are governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104–132, 110 Stat. 1214. We will grant habeas relief only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. 2254(d)(1).

■ Petitioner challenges the jury instructions on robbery and the denial of his request for theft instructions. The California Court of Appeal held that the robbery instructions were proper as a matter of state law. We are bound by that ruling as to state-law matters. Federal relief may be based only on federal constitutional error. There is only constitutional error in state jury instructions if some infirmity in them "by itself so infected the entire trial that the resulting conviction violates due process." *Cupp v. Naughten,* 414 U.S. 141, 147, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973). This did not occur here.

■ Even if we assume that one or more of the robbery instructions was ambiguous, allowing a correct *or* an incorrect understanding of the crime's elements, they must be considered in light of *all* the jury instructions and in the context of the entire trial. *See id.* at 146–47, 94 S.Ct. 396 (consider full set of instructions); *United States v. Park,* 421 U.S. 658, 675, 95 S.Ct. 1903, 44 L.Ed.2d 489 (1975) (consider context of trial).

In their closing arguments at trial, counsel for both sides emphasized the correct interpretation of California's after-informed intent rule for robbery. Even the prosecutor stated that petitioner would have to be acquitted if he did not form his intent to steal until after the use of force. The evidence at trial also was designed to address when petitioner formed the intent to steal. The battle lines could not have been much clearer. Petitioner therefore has not carried his burden of showing that there was a reasonable likelihood that the jury applied the challenged instruction in an unconstitutional manner. *See Estelle v. McGuire,* 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (reasonable-likelihood test).

As for the refusal to include a theft instruction, there is no clearly established federal law recognizing a right to lesser-included-offense instructions outside of capital cases. *Windham v. Merkle,* 163 F.3d 1092, 1106 (9th Cir.1998); *see Beck v. Alabama,* 447 U.S. 625, 627, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980) (recognizing right in capital cases). Nevertheless, every criminal defendant has a right to present his or her defense at trial. *Crane v. Kentucky,* 476 U.S. 683, 690, 106 S.Ct. 2142, 90 L.Ed.2d 636 (1986). Contrary to appellant's claims, he *was* able to present fully his theory of the case at trial. Even the prosecutor said that if the jury accepted his story, it would have to acquit.

For the reasons set forth, the California Court of Appeal's decision was not contrary to, nor did it involve "an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," 28 U.S.C. 2254(d)(1).[1]

**AFFIRMED.**

---

1. Appellant requests judicial notice of the preface and of Instruction No. 1600 of the Judicial Council of California's Criminal Jury Instructions (2006), and of California Rule of Court 855. The Court takes judicial notice of the former. Although the latter is not an adjudicative fact, this Court has considered Rule 855 in its disposition.